### ALLEN–WEST COMMISSION CO. v. GIBSON et al.  (No. 8405.)

(Court of Civil Appeals of Texas. Dallas. Jan. 29, 1921. Rehearing Denied March 12, 1921.)

**1. Judgment ⚌652 — An unreversed default judgment is conclusive adjudication.**

A default judgment based on sufficient pleadings and legal service is as conclusive an adjudication between the parties of whatever is essential to support the judgment as one rendered after answer and contest so long as it is unreversed and unappealed from.

**2. Judgment ⚌1—Defined.**

A "judgment" is a conclusion of the law upon matters contained in the record or the application of the law to the pleadings and facts as found by the court or admitted by the parties or deemed to exist upon their default in a course of judicial proceedings.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment.]

**3. Judgment ⚌482 — Evidence showing that one foreclosing vendor's lien notes was not owner inadmissible because a collateral attack on the judgment.**

Where a default judgment foreclosing vendor lien notes was rendered, it cannot thereaft-er be collaterally attacked by evidence that the plaintiff was not the owner of the notes, but that they belonged to the defendant, a party to the foreclosure, who defaulted; the rule as to collateral attack applying to default judgments.

**4. Lis pendens ⚌25(6)—Purchaser pendente lite is concluded by judgment against vendor.**

Where plaintiff's predecessor in title after foreclosing vendor's lien notes mortgaged the premises, the mortgage being assigned to plaintiff, who bought in the property on foreclosure sale had under proceedings brought after notice of lis pendens of an action by defendants' grantor against plaintiff's predecessor in title to recover the property on the theory that he was not the owner of the vendor's lien notes, plaintiff, being a purchaser pendente lite, is bound by the judgment in favor of defendants' grantor.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Suit by the Allen-West Commission Company against J. W. Gibson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

E. A. Tharp, of Mineola, and Harris & Vickery, of Quitman, for appellant.

M. D. Carlock, of Winneboro, and W. W. Campbell, of Lubbock, for appellees.

TALBOT, J.   This suit was instituted by the appellant, a corporation created under the laws of the state of Missouri, to recover of J. W. Gibson, J. C. Adrian, W. H. Ezell, J. B. Woods, G. K. McKinsie, D. S. Armstrong, Mrs. B. C. Lovin, a feme sole, O. L. Lovin, Frank Williams, C. D. Dewitt, and Mrs. E. N. Bailey, a feme sole, two tracts of land situated in Wood county, Tex., the first being 100 acres off the south end of the Joseph Crockett 320-acre survey, and the second being 141.7 acres known as the W. B. Hardin survey of land and sometimes called the Z. Ellison survey. Both tracts sued for were described by metes and bounds in the petition. The appellant alleged, among other things, that when this suit was filed it was the equitable owner in fee simple and entitled to the possession of the lands in controversy, the same being then held in trust for it by E. P. Horner, that after the commencement of the suit the said Horner conveyed the legal title of the lands to the appellant and that it thereby became the legal and equitable owner of the same. All of the defendants in the suit disclaimed any interest in the land and were discharged with their respective costs except Mrs. E. N. Bailey, R. A. Farrington, J. C. Adrian, and W. H. Ezell, appellees herein, who answered, claiming certain described portions of the lands sued for, and disclaimed as to the balance and pleaded not guilty, estoppel, and res adjudicata, and the three, five, and ten year statute of limitations.

Appellees also pleaded in bar and by demurrer and special pleadings to the effect that appellant was a foreign corporation without a permit to do business in Texas at the time of the suit and trial, and that appellant was in fact a dissolved corporation in process of liquidation, was insolvent, and could not maintain the suit affirmatively as brought.

In connection with appellees' plea of estoppel and res adjudicata it was alleged that appellant deraigned title from one N. S. Sodekson by decretal sale in the federal court dated December 16, 1911, wherein all of Sodekson's right, title, and interest was sold by the United States marshal to E. P. Horner, who afterwards conveyed to appellant; that the sale was by virtue of a judgment foreclosing mortgage liens of appellant against Sodekson; that prior to said foreclosure judgment and sale J. W. Gibson (through whom appellees claim, and who had, by mesne conveyances, conveyed to appellees) had on April 4, 1911, sued Sodekson in trespass to try title, and recovered the land in question, which judgment was rendered on April 25, 1912, and that lis pendens notice was also duly filed therein November 20, 1911, prior to the foreclosure suit, judgment and sale of appellant against Sodekson, and that appellant's purchase and foreclosure during the pendency of said trespass to try title by Gibson was subject to the judgment in Gibson's favor.

Appellees also pleaded facts showing improvements in good faith if they were not entitled to the lands and prayed for the value of such improvements if appellant gained the land. Appellees specially alleged that one N. S. Sodekson, who had purported to mortgage the lands in question to appellant, claimed ownership of the land at a foreclosure of vendor's lien notes described in a deed from J. C. Gibson and wife, M. J. Gibson, to one Z. T. Gibson, but said Sodekson did not own the notes in question; that they had never been conveyed or transferred to him, and that if he (Sodekson) did have possession thereof at the time of his foreclosure suit in the district court of Wood county, Tex., in May, 1900, such possession was not ownership; that he paid no consideration for the notes and held them in trust for the Gibson estate and M. J. Gibson, the said J. C. Gibson being dead at the time of the foreclosure; that J. C. Gibson nor his heirs or M. J. Gibson, the owners and payees of the notes, were not parties to the foreclosure suit, and did not know of it, and consequently any title acquired by such foreclosure and purchase inured to the heirs of J. C. Gibson, H. C. Gibson, and others, who had conveyed by mesne conveyances to appellees. In this connection they alleged continuous claim, possession, and ownership of the notes and lands as against Sodekson, and that Sodekson never in fact and with their knowledge and consent claimed and possessed the lands in question.

On August 27, 1919, appellant, by supplemental petition, pleaded demurrers and a general denial to appellees' answer. Upon special issues submitted the jury found that at the time of the rendition of the judgment in the district court of Wood county, Tex., in 1900, in favor of N. S. Sodekson against Z. T. Gibson, N. S. Sodekson was not the owner of the vendor's lien notes, or either of them, upon which said judgment was based; that the appellees and those under whom they claim made permanent and valuable improvements on the respective tracts of land claimed by them and had adverse possession in good faith. They also found the value of the use and occupation of said respective tracts from the dates inquired about up to the trial of this case. In the view we take of the case these findings need not be specifically stated in this opinion. Upon the finding of the jury above stated judgment was rendered for the appellees, and, appellant's motion for a new trial having been overruled, it perfected an appeal to this court.

[1-3] The first assignment of error asserts that the court erred in permitting the defendants, through the testimony of the witnesses, J. J. Bellomy, J. W. Gibson, and W. H. Gibson to question, deny, and impeach the right and ownership of N. S. Sodekson to the vendor's lien notes foreclosed in behalf of N. S. Sodekson on the land in controversy in the suit of N. S. Sodekson v. Z. T. Gibson, in the district court of Wood county on the 9th day of May, A. D. 1900, in cause No. 1356, wherein the said N. S. Sodekson recovered judgment of foreclosure against the said Z. T. Gibson on said notes, and under which foreclosure said land was sold and bought in at sheriff's sale by said N. S. Sodekson as shown by the testimony in this case, because the admission of said testimony was a collateral attack upon said judgment which had been introduced in the trial of this case as a muniment of appellant's title, and which judgment had never been appealed from, set aside, or otherwise vacated. The proposition urged under this assignment is, in substance, that the judgment referred to therein was rendered by a court of competent jurisdiction, and, having been introduced in evidence in the case by the appellant as a muniment of its title to the land sued for, was not subject to collateral attack, especially after the lapse of 19 years, and therefore the trial court erred in permitting the witnesses J. J. Bellomy, J. W. Gibson, and W. H. Gibson, over the objections of the appellant, to testify to facts showing or tending to show that N. S. Sodekson, under whom appellant claims, had not paid any consideration for said notes and was not the legal or equitable holder and owner of said notes at the time

he recovered said judgment of foreclosure thereon against Z. T. Gibson.

The second assignment of error complains of the submission of issue No. 1, requiring the jury to find whether or not N. S. Sodekson at the time of the rendition of his judgment against Z. T. Gibson on the vendor's lien notes in question with foreclosure on the land in controversy was the owner of said notes, for the same reason as that asserted in the first assignment and the proposition thereunder.

These assignments and propositions are, in our opinion, well taken. The appellant objected to the admission of the testimony mentioned when offered, and to the submission of issue No. 1 before the court's charge was read to the jury. The evidence adduced shows, practically without contradiction, that the appellant is a purchaser of the land in controversy in good faith and for a valuable consideration, and that the notes foreclosed in favor of N. S. Sodekson in the cause of N. S. Sodekson v. Z. T. Gibson, on the 9th day of May, 1900, were placed in the hands of the said N. S. Sodekson by J. C. Gibson, one of the payees in said notes, before his death, and by his surviving widow, M. J. Gibson, prior to the filing of said cause, and that the heirs of J. C. Gibson and his surviving widow and the administrator of his estate all knew that he (Sodekson) had possession of said notes and was claiming same prior to filing suit thereon, and never at any time called upon said N. S. Sodekson for said notes or in any other way questioned his right thereto, and permitted him to bring suit thereon and foreclose the vendor's lien therein retained, as shown by said judgment, and permitted said land to be sold under said judgment of foreclosure, and in no manner raised any objection thereto. The evidence further shows without dispute the following: On the 14th day of March, 1903, Sodekson and wife executed to T. P. Barry, trustee for Sanger Bros., a deed of trust of said date, filed for record March 28, 1903, and recorded in the deed of trust records of Wood county, Tex., for the purpose of securing said Sanger Bros. in the sum of $10,039.96, evidenced by certain promissory notes. On the 22d day of June, 1907, Sanger Bros. transferred to appellant, Allen-West Commission Company, said notes and lien for a valuable consideration. On the 22d day of November, 1904, N. S. Sodekson executed a deed of trust to J. N. Stegall, as trustee for Allen-West Commission Company, which was filed for record in the deed of trust records of Wood county, Tex., to secure a certain promissory note made by N. S. Sodekson to said Allen-West Commission Company, dated November 22, 1904, given in the sum of $11,000. The foregoing deeds of trust embraced the land in controversy in this suit, and the liens thereof were foreclosed by the decree of the Circuit Court of the United States for the Eastern District of Texas on the 21st day of June, A. D. 1911, in favor of said Allen-West Commission Company against said N. S. Sodekson, and said lands were sold by the United States marshal under an order of sale issued out of said Circuit Court, under which appellant claims the land in controversy.

We deem it unnecessary for the purposes of this appeal to make detailed statement of the testimony of the witnesses.

The allegations of the appellees and the evidence introduced to sustain them clearly constituted a collateral attack upon the Sodekson foreclosure judgment, which was unauthorized under well-established and uniformly recognized rules of law. A rather precise definition of a judgment is that it "is the conclusion of the law upon matters contained in the record, or the application of the law to the pleadings and to the facts, as found by the court or admitted by the parties, *or deemed to exist upon their default in a course of judicial proceeding.*" (Italics ours.) Ruling Case Law, vol. 15, § 2. The judgment attacked in the instant case appears to have been taken by default, upon sufficient pleadings and legal service had upon the judgment debtor, Z. T. Gibson. Such a judgment admits to be true all material allegations properly set forth in the petition, and the general rule is that it "is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one rendered after answer and contest, and so long as such a judgment stands unreversed and unappealed from it may not be questioned" in a collateral proceeding, which is the nature of the one now before this court. The heirs of J. C. Gibson and M. J. Gibson were not necessary parties to the suit in which said judgment was rendered, and that judgment, until set aside in a direct proceeding brought for that purpose, must be regarded as a subsisting and regular judgment conclusively establishing that N. S. Sodekson was the owner of the notes upon which it was based, as to all the world. It was not shown that the judgment in question was void because of fraud or collusion in its rendition. At the very most it can only be said that, for the reasons urged by the appellees, it was voidable, and, having been entered by a court of competent jurisdiction, it "is conclusive as to the relation of debtor and creditor between the parties and the amount of indebtedness, and cannot be collaterally impeached by third parties in a subsequent suit where such relation or indebtedness is called in question." Ruling Case Law, vol. 15, § 120. The rule that a judgment of a court of competent jurisdiction is conclusive of the matters litigated between the parties and cannot be attacked collaterally is so well and universally established that the citation of

authorities in support of the proposition is wholly unnecessary. It follows that, in the opinion of this court, the evidence complained of in the assignment of error under consideration was inadmissible, and that issue No. 1, predicated upon it, should not have been submitted. By the judgment in question N. S. Sodekson's ownership of the notes upon which said judgment was based was, as against the collateral attack of the parties to this suit, conclusively established and by Sodekson's purchase at the foreclosure sale under said judgment the paramount title to the land in controversy passed to him.

[4] But appellees contend, as shown by our statement of their pleadings, that the appellant's "purchase and foreclosure" during the pendency of the suit of J. W. Gibson, through whom appellees claim, and who had by mesne conveyances conveyed to appellees, against N. S. Sodekson to recover the land involved in this suit, which was instituted on April 4, 1911, and in which lis pendens was filed November 20, 1911, and judgment rendered therein in favor of the said J. W. Gibson on the 25th day of April, 1912, was subject to said judgment, and therefore furnishes no basis for a recovery in this suit of the land in controversy. This contention must be sustained.

As is well said in Latta v. Wiley, 92 S. W. 433, where a purchase is made of property actually in litigation pendente lite, although for a valuable consideration and without any express or implied notice, lis pendens affects the purchaser in the same manner as if he had actual notice, and he will accordingly be bound by the judgment or decrees in the suit. It is said that this rule is grounded in public policy and does not rest on the equitable doctrine of notice binding on the conscience; that the doctrine of lis pendens is not peculiar to courts of equity, and that in the old real actions the judgment bound the lands, notwithstanding any alienation by the defendant pendente lite. It is further said in the case cited that there is no more wholesome maxim of the law than "that it is to the interest of the public that there should be an end of litigation," and that it is but an application of this maxim to declare that a purchaser pendente lite cannot relitigate questions determined in a suit to which his vendor was a party. Flanagan v. Pearson, 61 Tex. 304; Lee v. Salinas, 15 Tex. 498; Smith v. Olsen, 92 Tex. 183, 46 S. W. 631; Evans Co. v. Reeves, 6 Tex. Civ. App. 254, 26 S. W. 219. In Morton v. Immigration Ass'n, 79 Ala. 605, it is said:

"Whoever purchases property pendente lite takes it subject to the hazards of the pending litigation. The decree against the parties litigant is equally binding on all such purchasers."

So the general rule is that one buying land from a party who has put it in litigation in the county where it is situate must abide the result of the suit, whether he becomes a party thereto or not. In such case he is, in effect, charged with constructive notice of the pendency of the suit and its nature. Jones v. Robb, 80 S. W. 399.

The appellant by its purchase at the sale made in December, 1911, under the foreclosure judgment of the federal court could obtain no greater title to the lands sold than N. S. Sodekson had, and appellant having purchased pending the suit of J. W. Gibson against Sodekson to recover said lands, and judgment having been subsequently rendered in said suit in favor of J. W. Gibson adjudging that Sodekson had no title and investing Gibson with full title, appellant was not entitled to recover in this suit, and judgment was properly rendered for the appellees. There is no question but that, if the appellant had purchased and secured a deed from N. S. Sodekson in satisfaction and discharge of the debt and lien held by it against Sodekson during the pendency of the suit of J. W. Gibson against Sodekson, the doctrine of lis pendens would have applied to such purchase and appellant bound by the judgment in that case. This being true, we are unable to see how the appellant could be placed in any better position by his seizure, sale, and purchase under his foreclosure judgment against N. S. Sodekson pending that suit than he would have occupied in the case of a direct conveyance to him. It is our opinion that in either case the result of the J. W. Gibson suit would be binding upon him.

In regard to the assignment of error complaining of certain remarks made by counsel for the appellees in his argument to the jury, it is sufficient to say that, even though it should be conceded that the remarks were of such a character as would otherwise justify this court in setting aside the judgment, which is not done, yet, since we are of the opinion that the judgment rendered was the only proper one that could have been rendered under the undisputed facts, notwithstanding the error in admitting the evidence tending to show that N. S. Sodekson was not the owner of the vendor's lien notes upon which the appellant's foreclosure judgment against the said Sodekson was based, the remarks furnish no ground for a reversal of the case.

The judgment is affirmed.