**LONG v. CHAPMAN et al.**

No. 14242.

Court of Civil Appeals of Texas.
Fort Worth.

May 16, 1941.

F. M. Bransford, of Fort Worth, for appellant.

John D. McComb, of Jacksboro, for appellee.

SPEER, Justice.

J. R. Long, plaintiff below, sued Wilbur J. Chapman in trespass to try title, by petition filed March 17, 1937. The land involved is described by metes and bounds in the petition. Subsequent to the institution of the suit, Chapman sold the lands claimed by him to J. D. Craft, who intervened in the suit. Long amended his pleadings and sought relief as against both Chapman and Craft. Both defendants joined issues with plaintiff by pleas of not guilty, and Craft pleaded, in due order, abatement by res judicata in a former suit between L. T. Richardson (Craft's predecessor in title) and the plaintiff J. R. Long.

Upon a hearing, the trial court sustained Craft's plea of res judicata, and from that judgment Long has perfected this appeal.

The action of the court in sustaining the plea in abatement is assigned as error in several different forms; sufficient, we think, to form the basis for a full discussion of the record.

The pleadings of the parties and the evidence introduced unmistakably reflect

that prior to November, 1930, plaintiff J. R. Long owned lands in Jack County, Texas, which embraced parts of several surveys; that on the date last mentioned he sold and conveyed to L. T. Richardson about 304 acres off the east side of his acreage, retaining lands adjacent to that sold; that the 304 acres sold to Richardson embraced parts of the Spradling, Thomas and other surveys not necessary to mention; that the west line of the Spradling is common with the east line of the Dowding Survey, and the Thomas Survey adjoins both the Spradling and Dowding on their respective south lines. So far as is necessary to here state concerning this controversy, the west line of the 304 acres conveyed by Long to Richardson is the dividing line between Dowding and Spradling and extends south across the Thomas Survey. From and after the date of the conveyance to Richardson, Long owned the land west of the line described and Richardson owned that east of the dividing line. There was no fence then on the line, and the record does not indicate that a defined line was laid out —it was pasture land and Long continued to pasture stock on his own lands, which were not segregated from those belonging to Richardson, without payment of any rentals to Richardson, until the beginning of 1933, when Richardson advised Long he expected to have his land surveyed and would build a fence on their dividing line. A controversy arose between them as to the true location of the line in the vicinity of the Spradling and Dowding Surveys and the line across the Thomas Survey. Richardson had his land surveyed and thereby located what the surveyor said was his west line. He began the erection of a fence on that line, when Long, by threats of violence toward Richardson and his laborers, stopped the construction.

Some time in 1933, Richardson filed a suit in trespass to try title against Long, to remove cloud from the title to the 304 acres of land describing it as in his deed from Long; he alleged the matters of controversy over the west line as generally stated by us above, and his attempt to build a fence on that line as being the true boundary between them; he alleged the threatened violence by Long to himself and his laborers, and sought an injunction against Long from interfering with the construction of the fence on that line. A trial was had in that suit, and on September 25, 1933, judgment was entered in favor of Richardson, removing the cloud on his title from claims of Long, and perpetually enjoining Long from interfering with the construction of the fence. That judgment became final.

By mesne conveyances through Richardson, defendant Craft, in the present suit, acquired the 304 acres of land with the fence on the west line in the same location as built by Richardson after the termination of the preceding suit.

On March 17, 1937, J. R. Long, as plaintiff in the instant case, filed suit in form of trespass to try title and for damages against Wilbur J. Chapman to recover 23.26 acres of the Thomas Survey and 32.35 acres of the Dowding Survey; these two tracts are described by metes and bounds and form a strip 215 varas east and west and 1,300 varas north and south; the item of damages alleged consisted of reasonable rentals on the land and conversion of fences, outhouses and other appurtenances on the land. Defendant Craft having purchased the 304 acres from Chapman and intervened in the suit, Long amended his petition and made both Chapman and Craft parties defendant, renewing his allegation of damages against Chapman and setting up certain similar damages against Craft. The last named defendant interposed the plea in abatement setting up the fact that he was in privity of title with Richardson, the grantee of plaintiff Long, and the former suit between Richardson and Long together with the judgment entered in that cause, to constitute res judicata of the property rights involved in the present suit. As stated above, the plea of res judicata was sustained by the court. The action of the trial court, in this respect, is the sole point involved in this appeal.

It is true that each of the two suits, the one by Richardson v. Long, bearing docket No. 2875, and the present suit, is in the statutory form of trespass to try title, but it is now well settled that in such suits, boundary questions may be adjudicated, Stanolind Oil & Gas Co. v. State, Tex.Sup., 133 S.W.2d 767, 771. There is another rule equally well settled; it is, when a court acquires jurisdiction of the parties and subject matter and enters a judgment that is permitted to become final, it will be deemed that all issues plead and proved, as well as those which could have been properly

plead and proved, have been adjudicated. Mercer v. Rubey, Tex.Civ.App., 108 S.W.2d 677, 680, writ refused, and cases there cited.

■ Cause No. 2875 (Richardson v. Long), although the action was in trespass to try title, primarily involved the location of the true boundary line separating the lands of the respective parties. This is true because the defendant in that suit, who had sold and conveyed the land to the plaintiff, laid no claim to land described in his deed. It was title to the same land described in the deed that Richardson sought to have cleared of the cloud thereon, by virtue of Long's interference with the construction of the fence on its west boundary line. The writ of injunction granted by the trial court against Long from interference with the construction of the fence, was tantamount to a finding that Richardson was attempting to put the fence on the true line. If that judgment did not mean that the line claimed by Richardson was the true boundary, the court would not have enjoined Long from interfering with the construction of the fence. On this point, in McKenzie v. Withers, 109 Tex. 255, 206 S.W. 503, at page 505, quoting with approval from 23 Cyc. 1104, it was said: " 'In respect to its operation upon the subject matter of the action, the judgment is to be understood as including and determining whatever follows by necessary implication from its terms, although not specified in so many words, and as disposing of all the issues and controversies raised in the case * * *.' "

The rule is again announced in other jurisdiction in 34 C.J. p. 923, § 1331. The record discloses that upon the trial in cause No. 2875, Richardson claimed the true line was where he was attempting to build the fence; Long claimed that it was farther east, and the real controversy in that suit was the true boundary line between their lands. The judgment was in favor of Richardson and Long was enjoined from interfering with the construction of the fence on the line contended for by Richardson.

Now, in the instant suit, although plaintiff Long has sued Craft, the remote grantee of Richardson, in trespass to try title to the strip of land referred to in the early part of this opinion, the testimony discloses that it is the same land he claimed upon the other trial that lay between what he claimed was the true boundary line and the line contended for by Richardson, the line on which Richardson built the fence in virtue of the judgment in cause No. 2875. It further appears from the evidence that the fence, at the time of the trial in this case, was at the identical place where Richardson put it.

Aside from Craft's testimony, two surveyors who said they were familiar with the lines and fences, testified that the fence was built by Richardson on what they considered his west line. As we construe the testimony of plaintiff Long, he admitted upon the witness stand in this case, that the land for which he was suing was the same land claimed by him when he defended the suit of Richardson against himself, in cause No. 2875. He said he claimed in this suit that Craft's fence (the one built by Richardson) was too far west; that all of the land claimed by him in this suit was east of Craft's fence and that he (Long) had always claimed that Craft's fence was over on his (Long's) land; that the strip of land he now claims was the same as that claimed by him in the other suit (Richardson v. Long, No. 2875).

■■ In an action like this, where the true boundary line is in dispute and the district court of Jack County has previously decided the question, and that judgment is pleaded in bar to relitigating the point, it makes no real difference whether the previous judgment is correct or not, it was not void, and when, as in this case, it has become final, it is binding on the parties and their privies in title. Evans v. McKay, Tex.Civ.App., 212 S.W. 680, writ dismissed. To the same effect is the rule announced in 34 C.J., p. 902, § 1312.

■ Plaintiff Long contends in his briefs that the subject matter in the present suit and the former suit between himself and Richardson is not the same, and for that reason the former litigation did not foreclose his right to prosecute this suit. He says that in the present suit he is claiming damages against each of the defendants Chapman and Craft, which damages were not involved in the former suit. He sought damages against each of the two named defendants in this suit for $250. He charges that each of the defendants tore down fences, barns, and sheds and other "permanent fixtures and appurtenances thereto" (meaning the land), and appropriated said property to their

respective uses. He contends that he should have the right to litigate those questions, irrespective of the result of the former suit. We do not consider that plaintiff's allegations, in the respects mentioned, amount to anything more than a claim for damages to the land in controversy. If the previous judgment defeated his right to a recovery of the land, he could not three or four years later recover damages to the land to which he had no title. We think it not necessary to cite authorities to show that fences and structures which are attached to land constitute a part of the real estate; they are "appurtenances" to the land which he conveyed by his warranty deed to Richardson, under whom the defendants in this case hold title.

The plea of res judicata was properly sustained by the trial court; this being the only point involved in this appeal, the judgment of the trial court will be affirmed. It is so ordered.