**Edward Glenn MOSSLER, Petitioner,**

v.

**Tammy SHIELDS (Mossler), Respondent.**

**No. D–1386.**

Supreme Court of Texas.

Nov. 6, 1991.

Rehearing Overruled Dec. 4, 1991.

Pamela E. George, Houston, for petitioner.

John E. Sherman, Houston, for respondent.

PER CURIAM.

In an action seeking to establish the existence of a common-law marriage, the trial court rendered summary judgment against the claimant on the basis that the same claim between the same parties had previously been dismissed with prejudice for discovery abuse pursuant to Tex.R.Civ.P. 215 2.b.(5). However, the court of appeals reversed the trial court's decision. The two grounds cited by the court of appeals in support of the reversal present the following issues: (1) whether State and public policy concerns prevent a dismissal with prejudice pursuant to Tex.R.Civ.P. 215 2.b.(5) from estopping subsequent actions claiming the existence of a common-law marriage; and (2) whether such a dismissal with prejudice constitutes a final judgment on the merits of the common-law marriage claim. Because we hold that the two grounds cited by the court of appeals for reversal are incorrect, we reverse the judgment of the court of appeals, 810 S.W.2d 325, and affirm the summary judgment of the trial court.

On November 16, 1988, Tammy Shields filed a petition for divorce in Houston, alleging the existence of a common-law marriage with Edward Glenn Mossler. In response to this petition, Edward filed a counterclaim for conversion of property. As the case progressed, Tammy failed to comply with discovery requests, and nearly a year later, after Tammy continued to ignore numerous court orders for discovery, the Houston trial court issued an order dismissing the petition with prejudice.

Then, in her answer to Edward's counterclaim still before the court, Tammy again asserted the existence of the common-law marriage. The court, noting that it had previously dismissed her common-law marriage claim with prejudice, struck this answer and imposed Rule 13 sanctions for filing a frivolous claim. Shortly thereafter, Edward took a nonsuit as to his counterclaim, thus concluding all matters before the Houston trial court.

Undaunted, Tammy later established residency in Orange County, Texas, and filed a petition for divorce, alleging the existence of a common-law marriage, in the county court of Orange County. Because the Houston trial court had dismissed this same claim with prejudice, the Orange County court rendered summary judgment in favor of Edward.

■ On appeal, the court of appeals reversed the Orange County court, stating that a party cannot be "estopped from raising issues of existence of marriage or entitlement to divorce by an order of dismissal with prejudice based upon discovery abuse." Otherwise, the court reasoned,

the party essentially would be condemned to a life sentence in marriage by being "forever barred from obtaining a divorce or a determination as to whether or not a marriage by common-law ever existed." Because Tammy has never proved that she was the common-law wife of Edward, estoppel pursuant to a dismissal with prejudice does not condemn the two parties to a life sentence in marriage; rather, it functions as a bar to any future claims of whether a common-law marriage existed prior to the dismissal of the original claim.

Such a result would not contravene State or public policy. To the contrary, estopping Tammy from subsequently claiming that a common-law marriage existed prior to the dismissal of the original suit would support State and public policy by preventing the emasculation of the sanctions imposed by the trial court. As for State policy, the State legislature has indicated its approval of barring such claims in certain situations by recently amending Tex. Fam.Code § 1.91(b) (Vernon Supp.1991) to read as follows:

> A proceeding in which a marriage is to be proved under this section [Proof of Certain Informal Marriages] must be commenced not later than one year after the date on which the relationship ended or not later than one year after September 1, 1989, whichever is later.

Once the limitation pursuant to this statute has run, a party's subsequent claim of the existence of a common-law marriage stemming from the original relationship is barred—achieving the same result as estoppel on the basis of a dismissal with prejudice. Consequently, the holding of the court of appeals conflicts with both established precedent and State policy.

■ Moreover, it is well established that a dismissal with prejudice functions as a final determination on the merits. *Zimmerman v. Texaco, Inc.*, 409 S.W.2d 607, 614 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.). Thus, the Houston trial court's dismissal with prejudice of Tammy's claim of common-law marriage for the relationship ending prior to her original suit stands as a final judgment on the merits for that issue. No precedent exists to hold otherwise. Allowing Tammy to raise the identical matters in Beaumont that were dismissed with prejudice in Houston would allow her to assert the very construction of Rule 215 2.b.(5) explicitly rejected by the same court of appeals in *Logan v. First Bank of Houston*, 736 S.W.2d 927 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.)—it would "allow a party who had a fair opportunity to present his claims in one suit, and whose cause was dismissed with prejudice for failure to comply with discovery orders, to present those same claims ... in a subsequent suit between the same parties." *Id.* at 930–31.

Accordingly, we grant the application for writ of error, and pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of this court, without oral argument, reverses the judgment of the court of appeals and affirms the judgment of the trial court.