**In re Kenneth L. PANCAKE, Debtor.**

**Kenneth L. PANCAKE, Appellant,**

**v.**

**RELIANCE INSURANCE COMPANY, Appellee.**

**No. 3:96–CV–0642–T.**

United States District Court,
N.D. Texas,
Dallas Division.

May 17, 1996.

Order Denying Rehearing June 4, 1996.

**352**

William Paul Rossini, Law Office of William P. Rossini, Dallas, TX, for appellant.

Robert Leighton Lipstet, Lipstet Singer & Hirsch, Houston, TX, for appellee.

### ORDER REVERSING JUDGMENT OF BANKRUPTCY COURT

MALONEY, District Judge.

Appellant Kenneth L. Pancake appeals from an order granting Appellee's motion for summary judgment and the corresponding final judgment entered by the Honorable Robert C. McGuire in a nondischargeability proceeding filed in U.S. Bankruptcy Court. After considering the order of the bankruptcy court, the parties' briefs, and the record on appeal, the Court is of the opinion that the order and final judgment of the bankruptcy court should be reversed.

Appellee Reliance Insurance Company filed a complaint for determination of nondischargeability in the bankruptcy proceeding of Appellant Kenneth L. Pancake. Reliance Insurance sought an order that a debt owed by Pancake to Reliance Insurance as evidenced by a judgment entered December 18, 1992, in the 280th Judicial District Court of Harris County, Texas, was nondischargeable under the provision of the bankruptcy code rendering nondischargeable any debt arising from an act of fraud committed while the debtor was acting as a fiduciary for a financial institution. Reliance Insurance issued the blanket bond for Sunbelt Savings Association. The state court petition alleged, and he acknowledges,[1] that Pancake was a loan officer for Sunbelt. The petition also alleged that Pancake had engaged in fraud by accepting kickbacks and other benefits in return for making loans to nominee borrowers.

In the underlying state court action, the court entered final default judgment against Pancake after striking his pleadings as a sanction for failing to comply with the court's discovery orders. On this appeal, Pancake contends that the state court judgment is not entitled to preclusive effect because it is a sanctions order and no evidence indicates that the state court based the judgment on evidence presented to it.

■ On Reliance Insurance's motion for summary judgment, the bankruptcy court ruled that the state court judgment is entitled to collateral estoppel effect under the Full Faith and Credit Act. 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331–32, 84 L.Ed.2d 274 (1985) (holding a federal court is required to accord a state court judgment full faith and credit in accordance with the state law of preclusion). The party seeking to invoke collateral estoppel must establish: (1) that the facts sought to be litigated in the second action were fully and fairly litigated in the first; (2) that those facts were essential to the judgment in the first; and (3) that the parties were adversaries in the first action. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex. 1984). The bankruptcy court ruled that the second two prongs were easily met and that the only real issue concerned the first or "actually litigated" prong.

■ In addressing "actually litigated" issue, the bankruptcy court started with the general rule that an issue is litigated when it is properly raised by the pleadings, submitted for a determination, and actually determined. *In re Garner,* 56 F.3d 677, 680 (5th Cir.1995) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. d (1982)). Reliance Insurance raised the relevant issues in the state court pleadings and submitted them to the court for determination. Pancake filed an answer, but the state court subsequently struck his pleadings as a sanction for failure to comply with its discovery orders.

■ The bankruptcy court ruled that the state court determined the relevant issues even though it did not make specific findings

---

1. Appellant's Brief, at 10 (Apr. 5, 1996).

of fact. It noted that the state court ruled that Pancake was liable to Reliance Insurance on action for fraud, "after hearing the evidence and arguments of counsel." The fraud action falls squarely within the provision of the bankruptcy code rendering nondischargeable any debt provided for in a final judgment of a state court arising from a fiduciary's fraud against a financial institution. 11 U.S.C. § 523(a)(11). Because a state court is empowered to sanction a party for discovery abuses, TEX.R.CIV.P. 215, and a judgment rendered as a sanction can constitute a decision on the merits, *In re Besing*, 981 F.2d 1488, 1493 (5th Cir.1993), *cert. denied*, 510 U.S. 821, 114 S.Ct. 79, 126 L.Ed.2d 47 (1993), the bankruptcy court ruled that the state court determined the relevant issues for purposes of collateral estoppel.

 The Court will review the bankruptcy court's conclusions of law *de novo*. *United States v. Grayson County State Bank*, 656 F.2d 1070, 1075 (5th Cir.1981), *cert. denied sub nom. First Pentecostal Church v. United States*, 455 U.S. 920, 102 S.Ct. 1276, 71 L.Ed.2d 460 (1982). As the summary judgment ruling concerns only issues of law, the Court will review all the issues in this dischargeability proceeding *de novo*. *Besing*, 981 F.2d at 1491–92.

On this appeal, Pancake contends that no evidence shows that the factual allegations underlying Reliance Insurance's claims in the state court action were fully and fairly litigated. *Bonniwell*, 663 S.W.2d at 818. To rule that the state court judgment represented a nondischargeable debt, the bankruptcy court must have found that it arose from an act of fraud committed while he was a fiduciary of Sunbelt. He points out that the summary judgment record does not indicate that the state court held a trial in his absence, held a prove-up hearing, or otherwise took testimony from witnesses. Pancake would distinguish the cases relied upon by the bankruptcy court and Reliance Insurance, in which the courts used state court default judgments for purposes of collateral estoppel, on the ground that those cases indicated that the state court took evidence before rendering a final default judgment. *Garner*, 56 F.3d at 677, 679 (state court took evidence against a

defendant who failed to respond to requests for admissions and to appear for trial); *In re Camp*, 59 F.3d 548, 554 (5th Cir.1995) (judicial admissions used as evidentiary basis for state court default judgment). He contends that Reliance Insurance failed to present to the bankruptcy court any evidence upon which the state court based its default judgment.

Additionally, Pancake contends that it would be erroneous to presume that the state court must have held a prove-up hearing before it entered final default judgment because the Texas rules provide that a trial court may enter a default judgment as a discovery sanction. TEX.R.CIV.P. 215 2.b.(5).

In contrast, Reliance Insurance contends that the bankruptcy court properly entered summary judgment in its favor. It notes that the state court ruled in its final judgment that Pancake was liable to Reliance Insurance on its fraud claims, "after hearing the evidence and arguments of counsel." Reliance Insurance also contends that a state court judgment rendered as a sanction constitutes an adjudication on the merits. It relies on *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex.1991) and *Logan v. First Bank of Houston, Texas*, 736 S.W.2d 927, 930–31 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.) to support this contention. In *Mossler* and *Logan*, the courts held that a party was estopped from raising in a second suit issues raised by that party in claims brought in an earlier suit which had been dismissed with prejudice for that party's discovery abuses.

Additionally, Reliance Insurance contends that Pancake would be precluded from mounting a collateral attack on the state court judgment in another state court proceeding. It relies on a Texas decision that a default judgment, as long as it is unreversed and unappealed, cannot be collaterally attacked. *Allen–West Comm'n Co. v. Gibson*, 228 S.W. 342, 344 (Tex.App.—Dallas 1921, writ ref'd) (holding a pre-answer default judgment establishes the allegations in the petition and cannot be attacked in a collateral proceeding); *see also Long v. Chapman*, 151 S.W.2d 879, 881 (Tex.App.—Fort Worth 1941, no writ) (stating that a final judgment

is binding on the parties regardless of whether it is correct or not).

On its motion for summary judgment in the bankruptcy court, Reliance Insurance did not show that it was entitled to judgment as a matter of law. As the bankruptcy court noted, the preclusive effect to be accorded the state court default judgment must be determined under Texas law. *Marrese,* 470 U.S. at 380, 105 S.Ct. at 1331–32; *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979). Again, under Texas law, the facts to be accorded preclusive effect under collateral estoppel must be fully and fairly litigated in the earlier action. *Sysco Food Svcs., Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994); *see also United States v. Shanbaum,* 10 F.3d 305, 311 (5th Cir.1994) (stating that issues in earlier lawsuit must have been "fully and vigorously litigated" under federal law of collateral estoppel).

Generally, a default judgment does not meet the "actually litigated" test for application of collateral estoppel. *In re Turner,* 144 B.R. 47, 51–53 (Bankr.E.D.Tex.1992) (refusing to collaterally estop a debtor from challenging fraud allegations in a dischargeability proceeding even though the creditor had obtained a default judgment on his fraud claims in a Texas state court); *In re Shuler,* 722 F.2d 1253, 1257 n. 6 (5th Cir.1984) (noting this general rule as applied in other circuits but specifically leaving the issue open in the Fifth Circuit under federal law of collateral estoppel), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984). However, a final default judgment entered after a party files an answer can serve as the basis for collateral estoppel in a subsequent bankruptcy proceeding to determine the dischargeability of the debt evidenced by the state court judgment. *Garner,* 56 F.3d at 680 (applying collateral estoppel on the basis of a default judgment entered after a trial held in the absence of defendant who failed to appear for trial).

In this case, Reliance Insurance filed in state court a petition alleging facts, which if true, bring this case under the nondischargeability provision for debts arising out of a fiduciary's fraud against a financial institution. 11 U.S.C. § 523(a)(11). Although Pancake filed an answer, the state court struck his pleadings as a discovery sanction. It entered a default judgment against him ruling that he was liable to Reliance Insurance on its fraud claims. However, no evidence on the record shows the evidentiary basis on which the state court based its judgment. As Pancake points out, the summary judgment record does not indicate that the state court held a trial in his absence, held a prove-up hearing, or otherwise took testimony from witnesses. The only indication that the state court considered evidence is its statement that it heard "the evidence and arguments of counsel."

This single line referencing the evidence and arguments of counsel is insufficient summary judgment evidence to conclude that the "actually litigated" prong of the test for collateral estoppel has been met. Other courts employing collateral estoppel have found this prong to be met when the default judgment is supported by evidence bearing on the facts on which litigation in the second action is barred. *Garner,* 56 F.3d at 680 (basing collateral estoppel on evidence presented at the trial held in the defendant's absence in the underlying state court case); *Camp,* 59 F.3d at 549, 553–54 (preventing a debtor from contending that her residence was a homestead in a bankruptcy proceeding on the basis of a pre-answer default judgment entered in an earlier action supported by the debtor's deemed admission that she had abandoned her homestead claim); *In re Browning,* 182 B.R. 913, 915 (Bankr.M.D.Fla. 1995) (applying collateral estoppel where state court fully litigated issues). Likewise, courts have examined the evidentiary state of the record in the previous action in assessing whether to apply collateral estoppel on the basis of a consent decree in a subsequent discharge proceeding in bankruptcy court. *In re Lacy,* 947 F.2d 1276, 1277 (5th Cir. 1991) (applying federal law of collateral estoppel); *see also Shuler,* 722 F.2d at 1255–57.

Similarly, a bankruptcy court has applied collateral estoppel to preclude a debtor from asserting that her debt was nondischargeable as it arose from a "willful and malicious

injury" on the basis of a state court judgment entered after her pleadings had been stricken as a discovery sanction. *In re Limbaugh*, 155 B.R. 952, 955 (Bankr.N.D.Tex.1993). The bankruptcy court applied collateral estoppel, in large part, because the defendant participated in the damages hearing held in state court after default had been entered as to liability. *Id.* at 956. The court prevented litigation of the "willful and malicious injury" issue, necessary for a ruling of nondischargeability, because the state court was required to, and actually did, receive evidence "that the degree and type of [debtor's] conduct warranted punitive damages." *Id.* at 958 (also noting that the state court took evidence on both liability and damages issues at the damages hearing). The evidence establishing that the debtor's conduct warranted punitive damages in state court was sufficient on the nondischargeability issue. In contrast, no summary judgment evidence in this case shows that the state court received comparable evidence on the issue of whether Pancake defrauded Sunbelt while acting as one of its fiduciaries.

The rule of *Mossler, Logan,* and *Besing* that a final judgment entered against a plaintiff as a sanction for discovery abuses can preclude that plaintiff from asserting those claims in a subsequent action does not resolve the "actually litigated" issue. A similar type of judgment served as the basis for collateral estoppel in *Garner.* Again, the defendant failed respond to requests for admissions and to appear for trial. However, the *Garner* court rested its holding that the relevant facts had been actually litigated in the state court action not on the defendant's failures but on the fact that the state court had held a trial in the defendant's absence and received testimony and evidence. *Garner,* 56 F.3d at 678, 680. The *Garner* court noted the Texas rule that a plaintiff must carry his burden of proof in a post-answer default situation. *Id.* In this case, the state court was authorized to enter a default judgment as a sanction, without taking evidence, because of Pancake's discovery abuses. No summary judgment evidence indicates that the state court held, in Pancake's absence, a trial similar to the one in *Garner.*

For the "actually litigated" prong to be met, the cases, especially *Garner,* but also *Camp* and *Limbaugh,* evince a requirement that some evidence underlying the state court judgment serve as the basis for the application of collateral estoppel in a subsequent nondischargeability proceeding. The opportunity to contest the allegations in the underlying state court proceeding, while vital to a later application of collateral estoppel, is not the sole requirement. Otherwise, any valid default judgment obtained after proper service of process would serve as the basis for collateral estoppel. This is not the rule, however, and the courts have noted that a defendant may suffer default for many valid reasons other than the merits of the claims against him. *Garner,* 56 F.3d at 680.

The holdings of *Allen–West* and *Long* do not compel a different result. The holding of *Allen–West,* that a pre-answer default judgment cannot be collaterally attacked, does not determine the "actually litigated" issue. *Allen–West* involved a pre-answer default judgment where the defendant was deemed to have admitted the allegations contained in the plaintiff's petition. *Allen–West,* 228 S.W. at 344. Usually a pre-answer default judgment is insufficient for collateral estoppel. 18 CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4442 (1981). Moreover, in contrast to the *Allen–West* defendant, Pancake filed an answer in the state court action and, thus, put the allegations in Reliance Insurance's petition at issue. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979) (stating that a plaintiff in a post-answer default situation must meet his burden of proof). Again, no summary judgment evidence shows Reliance Insurance met this burden. The holding in *Long* is likewise inapplicable. The *Long* court applied *res judicata* to an issue which was a lesser included proposition to the issues involved in a claim determined by a judgment entered in a previous action after litigation on the merits. *Long,* 151 S.W.2d at 880–81.

In summary, the summary judgment record does not reflect that the "actually litigated" prong for the application of collateral estoppel was satisfied in the state court pro-

ceeding. *Turner,* 144 B.R. at 51–53; *In re Stowell,* 113 B.R. 322, 329–30 (Bankr. W.D.Tex.1990). Thus, the order of the bankruptcy court is reversed, and the case is remanded for further proceedings.

It is worth noting once again that the relevant issue in this case is whether the debt evidenced by the state court judgment arose out of Pancake's alleged fraud against Sunbelt while he was one of its fiduciaries. This issue is narrower than those posed by the underlying state court action. *Cf. Shuler,* 722 F.2d at 1256–57. On remand, the application of collateral estoppel may prove appropriate upon a showing, possibly in a renewed summary judgment motion, that Reliance Insurance met its post-answer burden under *Stoner* on its fraud claims in the state court action.

It is therefore **ORDERED** that the judgment of the bankruptcy court entered November 22, 1995, is **reversed.** This action is **remanded** for further proceedings consistent with this order.

### *ORDER DENYING APPELLEE'S MOTION FOR REHEARING*

Before the Court is Appellee's Motion for Rehearing. The motion is opposed. After considering the motion, the Court is of the opinion that it should be denied.

Appellee Reliance Insurance Company filed a complaint for determination of nondischargeability in the bankruptcy proceeding of Appellant Kenneth L. Pancake. Reliance Insurance sought an order that a debt owed by Pancake to Reliance Insurance as evidenced by a judgment entered December 18, 1992, in the 280th Judicial District Court of Harris County, Texas, was nondischargeable under the provision of the bankruptcy code rendering nondischargeable any debt arising from an act of fraud committed while the debtor was acting as a fiduciary for a financial institution. Reliance Insurance issued the blanket bond for Sunbelt Savings Association. The state court petition alleged that Pancake was a loan officer for Sunbelt. The petition also alleged that Pancake had engaged in fraud by accepting kickbacks and other benefits in return for making loans to nominee borrowers.

Reliance Insurance prevailed in the state court action by receiving a default judgment entered against Pancake for failure to comply with the state court's discovery orders.

On May 17, 1996, this Court issued an order reversing an order of the bankruptcy court which granted summary judgment in favor of Reliance Insurance on the ground of collateral estoppel.

The party seeking to invoke collateral estoppel must establish: (1) that the facts sought to be litigated in the second action were fully and fairly litigated in the first; (2) that those facts were essential to the judgment in the first; and (3) that the parties were adversaries in the first action. *Sysco Food Svcs., Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994). In reversing the bankruptcy court, the Court held that Reliance Insurance failed to establish that it was entitled to judgment as a matter of law on its collateral estoppel position. It failed to present sufficient evidence showing that the issue of whether the debt evidenced by the state court judgment arose out of Pancake's alleged fraud against Sunbelt while he was one of its fiduciaries was actually litigated. Other courts using state court default judgments for purposes of collateral estoppel have discussed the evidence taken by the state court before rendering a final default judgment. *In re Garner,* 56 F.3d 677, 679–80 (5th Cir. 1995); *In re Camp,* 59 F.3d 548, 554 (5th Cir.1995); *In re Limbaugh,* 155 B.R. 952, 955–58 (Bankr.N.D.Tex.1993).

In contrast, the Court noted that the only evidence presented by Reliance Insurance indicating that the state court considered evidence before entering default judgment as a discovery sanction was one line from the state judgment that the court heard "the evidence and arguments of counsel." The Court held that this single reference to evidence and arguments of counsel was insufficient for the "actually litigated" test.

Reliance Insurance characterizes the Court's order as "actually saying there is a question of fact as to whether the 280th District Court actually heard evidence prior to rendition of its Judgment." Reliance Insurance argues that the Court erred by

weighing the sufficiency of the evidence in its review of the summary judgment order. It contends that Pancake had a duty to set forth specific facts showing that there was a genuine issue for trial and that he failed to fulfill this duty.

■ Again, the Court held that Reliance Insurance failed to show that it was entitled to judgment as a matter of law under collateral estoppel based on the evidence on the record. The key issue in this nondischargeability proceeding is whether Pancake's debt evidenced by the state court judgment arose out of his alleged fraud against Sunbelt while he was one of its fiduciaries. It is Reliance Insurance who bears the burden of proof on whether this issue was actually litigated in state court. *Sysco Food Svcs.*, 890 S.W.2d at 801.

■ Before Pancake, as the opponent of the summary judgment motion, incurs any burden of demonstrating a genuine issue for trial, Reliance Insurance, as the party seeking summary judgment, "always bears the initial responsibility of informing the [bankruptcy court] for the basis of its motion," including the evidentiary basis. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Reliance Insurance failed in this responsibility. Reliance Insurance is not in the position of being able to point to the absence of evidence on an issue on which Pancake bears the burden of proof at trial—Reliance Insurance bears all the burdens. *See id.* at 325, 106 S.Ct. at 2553–54 (noting a moving party is entitled to summary judgment where it can show an absence of evidence on an issue for which its opponent bears the burden of proof).

■ While the general proposition that the Court cannot weigh the sufficiency of the evidence on a summary judgment motion is accurate, the propriety of summary judgment is analyzed like the propriety of a directed verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Thus, the Court must consider "whether a fair-minded jury could return a verdict" for the party bearing the burden of proof on an issue at

trial. *Id.* at 252, 106 S.Ct. at 2512. The Court must consider the "caliber and quantity" of the evidence, *id.* at 254, 106 S.Ct. at 2513, and a "mere scintilla" of evidence is insufficient for summary judgment. *Id.* at 252, 106 S.Ct. at 2512. The single reference to "the evidence and arguments of counsel" contained in the state judgment is not of sufficient quantity and caliber to warrant summary judgment for Reliance Insurance. The reference is ambiguous and may simply indicate that the state court considered evidence on Pancake's noncompliance with the court's discovery orders before entering the default judgment as a sanction. TEX.R.CIV.P. 215 (empowering state court to sanction a party for discovery abuses). It is insufficient to show that the key issue in this case, whether the debt at issue arose because Pancake defrauded Sunbelt as one of its fiduciaries, was fully and fairly litigated in the state court action. Thus, the Court did not err in reversing the summary judgment in favor of Reliance Insurance, and its motion for rehearing is denied.

Additionally, as the Court noted in the order reversing the summary judgment, Reliance Insurance may be able to meet its burden on the "actually litigated" issue by presenting some additional evidence of the state court proceedings. If Reliance Insurance's position is meritorious, it should be a straightforward matter to present evidence on what evidence the state court considered, such as additional records of the state court proceedings or an affidavit of a party or attorney present at the hearing.

It is therefore **ORDERED** that Appellee's Motion for Rehearing, filed May 28, 1996, is **denied.**