Tammy K. SHIELDS
(Mossler), Appellant,

v.

Edward Glenn MOSSLER, Appellee.

No. 09–90–217 CV.

Court of Appeals of Texas,
Beaumont.

June 13, 1991.

Rehearing Denied July 8, 1991.

John E. Sherman, Houston, for appellant.

James A. DeLee, Port Arthur, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

WALKER, Chief Justice.

This is an appeal from a summary judgment granted by the County Court at Law of Orange County, Texas, Honorable Michael W. Shuff, presiding.

Tammy K. Shields Mossler, appellant, filed for a divorce from Edward Glenn Mossler, appellee. In response to this divorce action, appellee filed a Plea in Abatement and Motion for Summary Judgment. This Motion for Summary Judgment was not timely controverted and upon hearing, was granted by the court.

Appellant filed her appeal bond and requested Findings of Fact and Conclusions of Law from the court, which the court determined were not necessary under the circumstances of the case.

Further factual background shows that appellant filed an Original Petition for Divorce in the County Court at Law of Orange County, Texas on or about May 17, 1990. Appellee was served with citation on or about July 17, 1990. On August 3, 1990 appellee filed his Plea in Abatement and an Answer subject thereto. Subsequently on August 21, 1990, appellee filed his Motion for Summary Judgment. Appellee's request for summary judgment remained uncontroverted until the date the motion was set for hearing at which time appellant,

untimely, filed her Motion in Opposition to Summary Judgment and Memorandum in Support Thereof.

To complicate our situation, the record reveals that on or about November 16, 1988 our appellant filed an "Original Petition for Divorce" in the 309th District Court of Harris County alleging the existence of informal or common-law marriage between our appellant and our appellee. On or about October 19, 1989 the 309th District Court in Harris County, Texas entered an order which dismissed without prejudice our appellant's Original Petition for Divorce. That order further provided that should our appellant fail to pay attorney's fees and expenses resulting from discovery abuse that such dismissal would become a dismissal with prejudice.

The 309th District Court of Harris County, Texas entered other orders such as an Order Granting Sanctions under Rule 13. We do not feel it necessary to our opinion to detail these actions by the 309th District Court. The bottom line consideration for this Court is whether or not the 309th District Court's dismissal with prejudice of our appellant's Original Petition for Divorce against our appellee, forever bars appellant from an adjudication and determination of whether or not a common-law marriage relationship exists and if so, is appellant entitled to terminate same?

Appellant brings one point of error to this Court which contends that the trial court in Orange County, Texas erred when it granted summary judgment based upon a determination that Res Judicata resulted from the order of the 309th District Court which became conclusive and binding. We sustain appellant's point of error and reverse and remand this cause back to the Orange County Court at Law.

In reversing and remanding this case we are certainly not unmindful of our decision in *Logan v. First Bank of Houston, Texas,* 736 S.W.2d 927 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.) wherein Chief Justice Dies addressed this question of first impression regarding dismissal with prejudice for discovery abuse and its effect on subsequent action. This Court held that because of discovery abuse the Logans should not be allowed to prove their cause of action for the cancellation of a deed of trust and that the dismissal with prejudice order constituted a judgment on the merits of Logan's suit to set aside the deed of trust. The Logans were, therefore, estopped from subsequently raising any matter pled by them. *Logan, supra* at 930–931.

■ We are now forced to carve an exception to this holding. The exception is that a spouse or an alleged spouse to a marriage or an alleged marriage can never be estopped from raising issues of existence of marriage or entitlement to divorce by an order of dismissal with prejudice based upon discovery abuse. To hold otherwise would defy State or public policy. To say otherwise would be to state a position that should a petitioner or cross-petitioner in a divorce proceeding have their cause of action dismissed with prejudice for whatever reason, that said petitioner or cross-petitioner would be forever barred from obtaining a divorce or a determination as to whether or not a marriage by common-law ever existed.

■ In our case, the question of the existence of a common-law marriage has never been determined by a court of competent jurisdiction. That being the case, a dismissal with prejudice cannot operate as collateral estoppel or res judicata in a subsequent proceeding brought for the purpose of determining that question.

For public policy reasons and for further reason that an affirmative defense of res judicata or collateral estoppel is inapplicable to this case we, therefore, reverse and remand this matter for trial on the merits.

REVERSED AND REMANDED.