**In re Ben F. LACY, Debtor.**

**Ben F. LACY, Appellant,**

v.

**Don DORSEY, et al., Appellees.**

No. 91–1234.

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1991.

Rehearing Denied Jan. 10, 1992.

William Clint Parsley, Parsley & Parsley, Austin, Tex., for appellant.

Don W. Griffis and Scott T. Doggett, Griffis, Woodward, Colia and Motl, San Angelo, Tex., for William Armstrong, II, Don Dorsey, James Ridge, Bryant Family.

Before CLARK, Chief Judge, WILLIAMS and BARKSDALE, Circuit Judges.

PER CURIAM:

Collateral estoppel resulting from a state court judgment was the basis upon which the bankruptcy and district courts denied the discharge of a debt under 11 U.S.C. § 523(a)(2)(A). The debtor appeals. We affirm.

William Armstrong, II, a trustee in the Bryant Family Trust; Don Dorsey; and James F. Ridge (hereafter "plaintiffs") filed an adversary proceeding in the Chapter 11 bankruptcy of Ben F. Lacy (Lacy), seeking to prevent the discharge of a debt alleged to have resulted from false representations by Lacy and another regarding the formation and operation of a real estate partnership venture.

Plaintiffs urged the judicial estoppel effect of a judgment dated February 24, 1989, in the 51st District Court of Tom Green County, Texas. That action was brought by the plaintiffs here against Lacy and Jay Williamson. The judgment recites that all matters in controversy were submitted to the court and the case proceeded to trial. The court found: defendants Lacy and Williamson misrepresented that real estate could be bought at substantially below market value; plaintiffs, as limited partners of defendants in a real estate venture, never consented to a purchase of properties whereby defendants would receive sales commissions; the defendants did receive $55,790 without the knowledge or consent of their limited partners; defendants were fiduciaries who had sole control of the affairs of the partnership; and defendants were guilty of false representations which damaged plaintiffs. The judgment ordered Lacy and Williamson to return the $75,000 contributed to partnership capital by the plaintiffs, and to pay plaintiffs pre- and post-judgment interest and attorney fees. Williamson was represented by counsel. Lacy appeared *pro se.*

The plaintiffs' exhibit list filed in the bankruptcy court contained voluminous pleadings, depositions and exhibits from the state court case including a certified copy of a stipulation of facts and of the judgment entered by the 51st District Court. The only issue argued to the bankruptcy court in the adversary proceeding was the collateral estoppel effect of the state court judgment. Lacy's bankruptcy court counsel argued that the state litigation was not a suit for common law fraud, but rather a suit for rescission based upon breach of a fiduciary relationship, and that the state court judgment was an "agreed" judgment involving a burden of proof different from that required to bar discharge of a debt in bankruptcy. Counsel raised no issue in the bankruptcy court or in the district court concerning the authenticity or validity of the pleadings or judgment contained in plaintiffs' exhibit list. Their sole argument related to the legal effect of the state proceedings.

Title 11 U.S.C. § 523(a)(2)(A) bars discharge of a debtor from any debt for money or property obtained by a false representation. The bankruptcy court and the district court barred the discharge of Lacy's debt embodied in the 51st District Court judgment under this statute.

■ Lacy contends that the judgment was a consent judgment which is not entitled to collateral estoppel effect. This contention is at odds with the record. The judgment on its face recites that it was tried on facts submitted to the court. After depositions were taken and exhibits were introduced in the state court, Lacy, his co-defendant Williamson, and Williamson's lawyer did agree to a stipulation and to the entry of the judgment in the form discussed. The agreement of the parties does not deprive the judgment of collateral estoppel effect.

■ The court expressly adjudicated precise facts which bring Lacy's conduct within § 523(a)(2)(A). In *Matter of Shuler,* 722 F.2d 1253, 1258 (5th Cir.), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984), we held that where the record of the state proceeding reflects "specific false-pretense conduct, by which the federal bankruptcy court might determine the creditor's claim for nondischargeability, measured by federal bankruptcy standards" collateral estoppel can be applied to a default judgment. Under similar conditions, an agreed judgment is entitled to collateral estoppel effect. In *Kaspar Wire Works, Inc. v. Leco Engineering and Machine, Inc.,* 575 F.2d

530, 540 (5th Cir.1978), we explained that "when determining the effect to be given a decree entered by consent of the parties, consideration is to be given their intention with respect to the finality to be accorded the decree as reflected by the record and the words of their agreement." Here, the intention manifested by the words of the state court judgment is clear. That intention controlled the subsequent bankruptcy proceeding.

Lacy's contention that the issues decided in the state action were different is without merit.[1] His claim that he was "set-up" is belied by the fact that his agreeing co-defendant, Williamson, was represented by counsel and by the extensive pleadings, depositions, and exhibits produced in the 51st District Court proceeding. The adjudications expressed were necessary to support the judgment rendered for the return of capital, and the award of pre- and post-judgment interest, and attorney fees under Texas law. Lacy's contrary contention is frivolous. Lacy's alternative contentions that he made no intentional misrepresentations and that the denial of discharge covered more than the funds obtained by false representations are rejected by the collateral estoppel effect of the state court judgment. Finally, Lacy contends that the judgment of the state court was not introduced in evidence in the bankruptcy proceeding. This assertion is refuted by the bankruptcy court record containing not only a certified copy of the judgment but also plaintiffs' exhibit list comprising the 58-page deposition of Lacy, the 80-page deposition of Williamson, the stipulation of the parties, and voluminous exhibits adduced in the 51st District Court action. Indeed, the effect of the wording of the certified judgment was the only issue presented by Lacy to the bankruptcy court.

The judgment appealed from is

AFFIRMED.

---

1. We note that when Lacy's Chapter 11 proceeding was converted to a Chapter 7 proceeding, plaintiffs broadened their adversary claim to include breach of fiduciary duty. In view of our decision here the distinction is moot.