United States Court of Appeals,

Fifth Circuit.

No. 94-40688.

In the Matter of William L. GARNER, Debtor.

William L. GARNER, Appellant,

v.

Kenneth E. LEHRER, Appellee.

June 29, 1995.

Appeal from the United States District Court for the Eastern District of Texas.

Before KING, GARWOOD, and BENAVIDES, Circuit Judges.

KING, Circuit Judge:

In this case, we are confronted with questions surrounding the preclusive effect of a state court judgment on the dischargeability of a debt in a subsequent federal bankruptcy proceeding. In 1988, Kenneth E. Lehrer filed suit against William L. Garner in Texas state court. Garner answered Lehrer's petition, but Garner failed to respond to Lehrer's request for admissions. The trial of the state court suit was held in November of 1990. Although Garner failed to appear for trial, the court heard evidence and entered a judgment in favor of Lehrer. Subsequently, Garner sought the protections of Chapter 7 of the Bankruptcy Code. In the bankruptcy court, Lehrer objected to the discharge of the state court judgment and sought summary judgment. The bankruptcy court granted Lehrer's motion, and Garner appealed to the district court. The district court affirmed the decision of the bankruptcy court. Garner appeals, alleging that the state court judgment in this case should

1

not have preclusive effect on the dischargeability of the debt.  We disagree, and consequently, we affirm the decision of the district court.

## I. BACKGROUND

Lehrer is an independent real estate and financial consultant. In September of 1988, Lehrer filed a lawsuit in Texas state court against Garner and businesses associated with Garner. Specifically, Lehrer contended that Garner and the other defendants intentionally and knowingly "misappropriated and used for their benefit and gain [Lehrer's] identity and credentials in connection with the sale and development of a real estate venture."  On October 10, 1988, Garner, through counsel, answered Lehrer's complaint with a general denial, stating, in part, that "Defendants deny each and every, all and singular, the allegations contained in [Lehrer's] Original Petition and demand strict proof thereof."

Apparently, the case remained dormant until June of 1990, when the court sent the parties a notice of trial setting advising them that the matter was scheduled for trial during the week of November 19, 1990.  On July 20, 1990, Lehrer served requests for admissions on Garner and the other defendants, but Garner and the other defendants did not respond.

The trial was held on November 19, 1990 as scheduled.  Garner, however, failed to appear.  Nevertheless, the trial proceeded, and evidence, including the testimony of Lehrer (taken by telephone), was heard by the court.  That same day, the court signed a judgment in the case.  In its judgment, the court found that "[b]ased on the

testimony presented, ... [the] [d]efendants acted with spite, ill-will and malice." Further, the court declared that Lehrer "never authorized Defendants ... to use [his] name or resume in their brochure and that ... Defendants did so without [Lehrer's] consent." Accordingly, the court awarded Lehrer $200,000 in actual damages, $600,000 in punitive damages, $2500 in attorneys fees, and pre- and postjudgment interest.

Almost a year later, on October 3, 1991, Garner filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code. In late January of 1992, Lehrer objected to the discharge of the judgment debt that Garner owed to him, and the following summer, on August 19, 1992, Lehrer filed a motion for summary judgment in the bankruptcy court. According to Lehrer, the motion was proper because the state court had determined that the debt was based on fraud, false pretense, or willful and malicious injury, and therefore it was not dischargeable under section 523(a) of the Bankruptcy Code.[1] Moreover, Lehrer contended that the under the full faith and credit requirements of 28 U.S.C. § 1739, "the Court is bound by the finding in the state court judgment that the debt arose from Section 523(a) conduct and is therefore excepted from discharge."

After a hearing, the Bankruptcy Court found:

---

[1]Section 523(a) of the Bankruptcy Code provides that certain debts are not discharged through bankruptcy proceedings. The section provides, in part, that "[a] discharge under this title does not discharge an individual debtor form any debt ... for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6).

3

that the facts involved were fair and fully litigated in the prior action[,] ... that the facts were essential to the prior litigation[, and] that the parties were adversaries which meets the Texas law requirements. In that case, the record establishes that the defendant debtor in this case had actual notice of the hearing, his attorney filed an answer in the matter and that following the hearing he had 30 days to file a motion for a new trial.... [Garner] filed a response to the complaint. And, after that, he failed to defend himself against the claim. The Court finds that [Garner] had his day in Court; that the requirements of 523(a)(6) were therefore met. That is, the ... action by [Lehrer] as evidenced by th[e] record, ... was done with the intent to harm, ... the Court found malicious intention here and it caused an economic injury to [Garner] and that these injuries were the proper results of the action by [Lehrer] established in the state [c]ourt record.

Consequently, the bankruptcy court granted Lehrer's motion for summary judgment.

Garner appealed to the district court, and the district court affirmed, noting that although a default judgment generally does not "give rise to collateral estoppel, that is not what happened in the state court litigation between Garner and Lehrer. The judgment in the state court was not based upon the unsupported allegation in a petition, but rather, on the evidence presented to the trial judge."

Garner appeals, arguing that the district court erred in determining that the state court proceeding was "fully and fairly litigated" for collateral estoppel purposes and in failing to require Lehrer to prove the fraud findings in an adversary proceeding in the bankruptcy court. Garner further argues that Congress has indicated a special federal interest in the area of dischargeability of debts, and consequently, the state court judgment, even if adequate for traditional res judicata purposes,

4

should not have preclusive effect in Garner's bankruptcy. We reject all of Garner's contentions.

## II. DISCUSSION

Our inquiry into the preclusive effect of a state court judgment is guided by the full faith and credit statute which provides that the "judicial proceedings of any court of any ... state shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." 28 U.S.C. § 1738; *see also Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331-32, 84 L.Ed.2d 274 (1985) (discussing the statute). As the Supreme Court has noted:

> This statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered. "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."

*Marrese,* 470 U.S. at 380, 105 S.Ct. at 1332 (quoting *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481-82, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982)). Further, we have noted that a "court's decision to give full faith and credit to the state court judgment ... [is] a question of law, which we review de novo." *Sanders v. City of Brady (In re Brady, Texas Mun. Gas Corp.),* 936 F.2d 212, 217 (5th Cir.), *cert. denied,* 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 748 (1991). In the instant case, the judgment in question was entered by a Texas state court. Accordingly, we apply Texas

5

rules of preclusion.[2]

Under Texas law, collateral estoppel "bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action." *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). Further, Texas law requires that:

> A party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.

---

[2] In his reply brief, Lehrer, argues that "federal rules of collateral estoppel are to be applied in bankruptcy proceedings, even as to state court actions." Garner relies on our decision in *Merrill v. Walter E. Heller & Co. (In re Merrill),* 594 F.2d 1064, 1066 n. 1 (5th Cir.1979), where, in a bankruptcy case, we applied federal rules of collateral estoppel to determine the preclusive effect of a state court judgment. That case, however, was decided before a number of Supreme Court decisions held that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *see also Parsons Steel v. First Alabama Bank,* 474 U.S. 518, 523, 106 S.Ct. 768, 771, 88 L.Ed.2d 877 (1986) ("[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give."); *Marrese,* 470 U.S. at 380, 105 S.Ct. at 1332 (noting that the statute "directs a federal court to refer to the preclusion law of the State in which judgment was rendered"); *Kremer,* 456 U.S. at 481–82, 102 S.Ct. at 1898 ("[Section] 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments."). In our cases after these decisions, we have applied state law to determine the preclusive effect of state court judgments in bankruptcy proceedings. *See, e.g., In re Brady, Texas Mun. Gas Corp.,* 936 F.2d at 217 (noting in a bankruptcy case that "[s]ection 1738 directs this federal court to give the Texas judgment the same effect as it would have in a Texas court").

6

*Id.* In the instant case, there is no question that the last two elements of Texas's test for collateral estoppel were met. Garner, however, contends that the district court erred in finding that the state court claim was fully and fairly litigated so as to provide for collateral estoppel in his bankruptcy proceeding. Specifically, Garner argues that the state court entered a default judgment against him, and such "a default prove-up does not met the required standard" for collateral estoppel. We disagree.

Some commentators have noted that "[i]n the case of a judgment entered by ... default, none of the issues is actually litigated." *Restatement (Second) of Judgments* § 27 cmt. e (1982); *see also* 18 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4442 (1981) (noting that a default judgment should not support issue preclusion because "the essential foundations of issue preclusion are lacking for want of actual litigation or actual decision of anything ... [and because] a defendant may suffer a default for many valid reasons other than the merits of the plaintiff's claim"). On the other hand, "[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination and is determined, the issue is actually litigated" for collateral estoppel purposes. *Restatement (Second) of Judgments* § 27 cmt. d (1982).

In the instant case, the judgment entered in the state court was not a simple default judgment. According to Texas law, a default judgment is a judgment entered after no answer has been filed. *See Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). By

7

contrast, the Texas Supreme Court has described the "judgment where a defendant has answered but fails to appear for trial" as a "post-answer "default' judgment." *Id.; accord Green v. McAdams,* 857 S.W.2d 816, 818 (Tex.App.1993, no writ).

In a simple default judgment, "it is said that the non-answering party has "admitted' the facts properly pled and the justice of the opponent's claim." *Stoner,* 578 S.W.2d at 682. The Texas Supreme Court has described a different situation for a post-answer default, which "constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Id.* Accordingly, "[i]n a post-answer default, the defendant's answer places the merits of the plaintiff's cause of action at issue." *Green,* 857 S.W.2d at 818. Thus, in a post-answer default judgment situation, "[j]udgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial." *Stoner,* 578 S.W.2d at 682; *see also Green,* 857 S.W.2d at 818 ("At the hearing on the post-answer default, the plaintiff must carry his burden to prove the elements of his action.").

In the state court proceedings, Garner answered Lehrer's complaint with a general denial, and then he failed to appear for trial. The district court conducted a trial in Garner's absence, and "based on the testimony presented to the Court, the Court f[ound] and conclude[d] that Plaintiff, Kenneth Eugene Lehrer [was] entitled to recover judgment against Defendants." This decision

8

was reached after Garner answered Lehrer's complaint and after a trial in which Lehrer put on evidence sufficient to carry his burden of proof. According to Texas law, the issues were properly raised and actually litigated; accordingly, we find they were fully and fairly litigated for collateral estoppel purposes. *See Restatement (Second) of Judgments* § 27 cmt. d (1982) ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination and is determined, the issue is actually litigated.").

Garner argues that even if the fraud issues were fully and fairly litigated, the state court judgment should not be given preclusive effect in the bankruptcy court because bankruptcy is an "area[ ] where Congress has indicated a special federal interest." Once again, we disagree.

In *Marrese,* the Supreme Court recognized that in certain areas of exclusive federal jurisdiction, courts may find an express or implied repeal of the full faith and credit statute. *Marrese,* 470 U.S. at 386, 105 S.Ct. at 1334-35. The finding of a state court in the context of a federal bankruptcy discharge is, however, not such an area.

In a case regarding prior federal court proceedings, the Supreme Court recently clarified that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). We have found that a similar outcome results from state court judgments. In

9

*Harold V. Simpson and Co. v. Shuler (In re Shuler),* 722 F.2d 1253 (5th Cir.), *cert. denied,* 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984), we noted that:

> collateral estoppel—arising from an earlier nonbankruptcy suit's determination of subsidiary facts that were actually litigated and necessary to the decision—may properly be invoked by the bankruptcy court to bar relitigation of those issues, even though the bankruptcy court retains the exclusive jurisdiction to determine the ultimate question of the dischargeability [of the debt] under federal bankruptcy law ..., based upon the facts so based and other evidence before the court.

*In re Shuler,* 722 F.2d at 1255; *see also Lacy v. Dorsey (In re Lacy),* 947 F.2d 1276, 1277 (5th Cir.1991). Accordingly, in that case, we found that a bankruptcy court could, under certain circumstances, give collateral estoppel effect to a state court default judgment. *In re Shuler,* 722 F.2d at 1255-56; *see also In re Lacy,* 947 F.2d at 1277 (discussing *In re Shuler* ). Moreover, in *In re Lacy,* we noted that under similar circumstances "an agreed judgment is entitled to collateral estoppel effect." *In re Lacy,* 947 F.2d at 1277. Simply put, when a state court, after a "full and fair" adjudication, determines an issue, a bankruptcy court may give that determination collateral estoppel effect.

Finally, Garner argues that the bankruptcy and district courts erred in finding that the state court's determination that Garner acted with "spite, ill-will, and malice" toward Lehrer constituted a finding of "willful and malicious injury" within the meaning of § 523's exclusions of discharge. Again, we find that Garner's contentions are without merit.

On several occasions, "we have defined "willful and malicious'

10

under section 523(a)(6) to mean "without just cause or excuse.' Willful means intentional and malicious adds the absence of just cause or excuse." *Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241, 245 (5th Cir.1983); *accord Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.,* 783 F.2d 480, 486 (5th Cir.1986); *see also* 3 *Collier on Bankruptcy* ¶ 523.16 (Lawrence P. King ed., 14th ed. 1979) (discussing the definition of "willful and malicious" as used in § 523(a)(6)). Under Texas law, malice "means ill will or evil motive or such gross indifference or reckless disregard for the rights of others as to amount to wanton and willful action, knowingly and unreasonably done." *Dahl v. Akin,* 645 S.W.2d 506, 515 (Tex.App.1982), *aff'd,* 661 S.W.2d 917 (Tex.1983), *cert. denied,* 466 U.S. 938, 104 S.Ct. 1911, 80 L.Ed.2d 460 (1984).

In his petition, Lehrer alleged that "Defendants intentionally and knowingly misappropriated [Lehrer's] name." Moreover, as Garner notes, "the state trial court found that [Lehrer's] testimony supported a finding of "spite, ill-will, and malice.' " We agree with the district court that the Texas definition of malicious conduct encompasses the intentional conduct undertaken "without just cause or excuse" that we have defined as precluding discharge under § 523(a)(6). Thus, we conclude that the state court's finding included a determination that Garner acted with malice.

Our conclusion is further supported by the fact that the state court awarded punitive damages against Garner. Under Texas law, punitive damages are available "only if the claimant proves that

11

the ... harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud; (2) malice; or (3) gross negligence." Tex.Civ.Prac. & Rem.Code Ann. § 41.003. As the district court noted, "[t]he state court litigation did not involve allegations of fraud or gross negligence; therefore the award of exemplary damages was based on malice." Accordingly, we find no error in the determination that the state court's finding had collateral estoppel effect in the § 523(a)(6) action. *See Hoskins v. Yanks (In re Yanks),* 931 F.2d 42, 43 (11th Cir.1991) ("The collateral effect of the judgment is not affected by the fact that the jury could have premised its award on either [of two] theories because "malice for purposes of 523(a)(6) can be established by a finding of implied or constructive malice.' " (quoting *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1263 (11th Cir.1988)).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.