REVISED, November 18, 1998

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 98-30205
Summary Calendar

In the Matter of: GREGORY JAMES CATON,

Debtor.

GREGORY JAMES CATON,

Appellant,

versus

KEVIN TRUDEAU,

Appellee.

Appeal from the United States District Court
For the Western District of Louisiana

November 3, 1998

**Opinion on Rehearing**

Before POLITZ, Chief Judge, STEWART and PARKER, Circuit Judges.

POLITZ, Chief Judge:

The following is substituted for the penultimate paragraph in the original

opinion (Headnote 8).  Otherwise the original opinion is reaffirmed.

Having determined that collateral estoppel applies under Illinois law, we turn

to the dischargeability inquiry.  Section 523(a)(6) provides that a debt for "willful

and malicious injury" by the debtor is nondischargeable.[17] Previously, we defined "willful and malicious" to mean "without just cause or excuse."[18] Recently, however, this definition was displaced by the Supreme Court's opinion in **Kawaauhau v. Geiger**.[19] In an intervening decision, **In re Miller**,[20] a panel of our court recently held that "an injury is 'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm."[21]

Applying our precedential **Miller** standard to the instant case, we find that there was a deliberate or intentional injury, precluding discharge under section 523(a)(6), as Caton's libelous statements were objectively substantially certain to result in the injury to Trudeau. Accordingly, we find no error in the determination by the courts *à quo* that the Illinois default judgment had collateral estoppel effect as to section 523(a)(6) dischargeability.

The judgment appealed is AFFIRMED.

---

[17] 11 U.S.C. § 523(a)(6).

[18] **In re Garner**, 56 F.3d 677 (5th Cir. 1995).

[19] 118 S.Ct. 974, 977 (1998) (stating that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury") (emphasis in original).

[20] 156 F.3d 598 (5th Cir. 1998).

[21] **Id.** at 603.