**In re Buddy G. DRIVER, Debtor.**

**Cheryl Kuhn, Plaintiff,**

**v.**

**Buddy Driver, Defendant.**

**Bankruptcy No. 01–30132–SAF–7.**
**Adversary No. 03–3493.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Dec. 4, 2003.

Brandon Scot Pierce, Brackett & Ellis, PC, Fort Worth, TX, for Plaintiff.

Joe McKay, McKay Law Offices, Lancaster, TX, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

STEVEN A. FELSENTHAL, Chief Judge.

Cheryl Kuhn moves the court for summary judgment declaring a judgment debt not dischargeable under 11 U.S.C. § 523(a)(6). Buddy Driver, the debtor, opposes the motion. The court conducted a hearing on the motion on November 10, 2003.

Kuhn, individually and as statutory heir of Dick Kuhn, deceased, obtained a judgment against Driver from the Dallas County, Texas, Court at Law, No. 3, for $11,034.70 plus $7,500 attorney's fees, pre-judgment interest at 6%, treble damages of $33,104.19 and post-judgment interest at 10%. In this adversary proceeding, Kuhn contends that the judgment may not be discharged pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).[1] In this motion for summary judgment, Kuhn contends that under the doctrine of collateral estoppel, the judgment debt is excepted from discharge under § 523(a)(6).

Summary judgment is proper if the pleadings, depositions, answers to inter-

---

1. Driver did not timely answer the complaint. Kuhn filed a motion for entry of default, but Driver then filed his answer. As the Fifth Circuit does not favor defaults, the court denied the motion from the bench on November 10, 2003.

rogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion, the inference to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. A factual dispute bars summary judgment only when the disputed fact is determinative under governing law. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505.

The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■■■ Section 523(a)(6) excepts from an individual debtor's discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6). A "willful" injury requires "a deliberate or intentional *injury,* not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (emphasis in original). To establish an intentional injury, the creditor must establish "either an objective substantial certainty of harm or a subjective motive to cause harm." *In re Miller,* 156 F.3d 598, 606 (5th Cir.1998), *cert. denied,* 526 U.S. 1016, 119 S.Ct. 1249, 1250, 143 L.Ed.2d 347 (1999). In addition to being willful, the injury must be "malicious." 11 U.S.C. § 523(a)(6). Malicious means "without just cause or excuse." *In re Garner,* 56 F.3d 677, 681 (5th Cir.1995). The Supreme Court in *Kawaauhau* did not collapse the malicious definition into the willful injury definition nor otherwise read the words "and malicious" out of the statute. *In re Grisham,* 245 B.R. 65, 71 (Bankr.N.D.Tex.2000). Accordingly, "[a] debtor may act deliberately or intentionally to injure a person but have just cause or excuse to do so." *Id.* Thus, a debt arising from the debtor's infliction of an intentional injury is dischargeable if the debtor had just cause or excuse for inflicting the intentional injury.

■■■ Kuhn contends that the judgment precludes relitigation of willful and malicious injury under § 523(a)(6). "[I]ssue preclusion, or collateral estoppel, bars relitigation of issues that were actually litigated and decided in a previous action." *In re Gober,* 100 F.3d 1195, 1200 n. 2 (5th Cir.1996). When considering the preclusive effect of a state court judgment, the federal court looks "to the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect." *Id.* Because the judgment against Driver was rendered in Texas state court, the Texas rules of issue preclusion apply. "[C]ollateral estoppel 'bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action.'" *In re Gober,* 100 F.3d 1195, 1201 (5th Cir.1996) (quoting *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984)). Texas law also provides that, before applying collat-

eral estoppel, the court must determine that "the facts asserted in the second proceeding were fully and fairly litigated in the first, that the facts were essential to the judgment, and that the parties were cast as adversaries in the first action." *Id.* While the cause of action does not need to be the same for collateral estoppel to apply, the party asserting collateral estoppel must establish that "the issue is identical to an issue in the prior action." *Goldstein v. Comm'n for Lawyer Discipline,* 109 S.W.3d 810, 812 (Tex.App.—Dallas 2003).

■ Kuhn contends that the state court record establishes all of the collateral estoppel elements; Driver disagrees.

Kuhn's complaint in state court alleged that Driver and a co-defendant agreed to repair Kuhn's vehicle, but failed to perform. Kuhn returned the vehicle to Driver for further repairs. But he again failed to repair the vehicle. When Driver returned the vehicle, Kuhn alleged that parts were missing and that the original transmission had been removed and replaced with a defective transmission. Kuhn alleged claims for fraud, negligent misrepresentation, breach of implied warranty, breach of express warranty and negligence. Kuhn further alleged that the acts had been done knowingly and intentionally, resulting in a basis to award treble damages under the Texas Deceptive Trade Practices Act.

Driver appeared at trial in the state court with counsel. The transcript of the trial has not been submitted to this court. The state court entered findings of fact and conclusions of law. In finding number four, the state court found that Driver replaced the transmission without a mechanical need or justification and without authorization. In finding number seven, the court awarded treble damages under the Deceptive Trade Practices Act.

Thereupon, the court entered the judgment against Driver, summarized above.

The state court judgment awarded treble damages. Kuhn argues that implicitly the state court must have found that Driver acted deliberately or intentionally. Kuhn alleged in the complaint that Driver acted knowingly and intentionally. The Deceptive Trade Practices Act authorizes the recovery of treble damages if an act had been committed knowingly or intentionally as follows:

> In a suit filed under this section, each consumer who prevails may obtain: (1) the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages.

Tex. Bus. & Commerce Code Ann. § 17.50(b) (2002). Based on findings four and seven and the award of treble damages, Kuhn would have this court infer that Driver acted knowingly or intentionally.

The state court did not make an express finding of a knowing or intentional act. This court does not have the transcript of the state court trial. The court therefore cannot ascertain whether the elements of "knowingly" or "intentionally" had been actually litigated. The state court trebled only economic damages. That suggests a finding of "knowingly" under § 17.50 of the Texas Business and Commerce Code.

Assuming an inferential finding of "knowingly" under the Texas statute does not meet the definition of "willful" injury under § 523(a)(6).

On the other hand, if the court had a basis to infer a finding of "intentionally" under the Texas statute, that does not lead to the conclusion that the state court determined that Driver deliberately or intentionally acted to cause harm or injury as required under § 523(a)(6). It merely leads to the conclusion that Driver deliberately or intentionally acted to remove the transmission and that such action led to injury. Consequently, the court cannot conclude that the "willful" component of § 523(a)(6) had been involved or actually litigated in the state court trial.

The state court found that Driver acted without a mechanical need or justification and without authorization. Kuhn argues that meets the "without just cause or excuse" element of § 523(a)(6). Although the finding was not necessary for an award of treble damages,[2] the finding is identical to the § 523(a)(6) definition. Consequently, the court finds that the "malicious" component of § 523(a)(6) has been actually litigated in the state court trial.

Based on this analysis, Kuhn has established one of the two elements of § 523(a)(6). Without both, Kuhn has not established that the judgment debt should be excepted from discharge under § 523(a)(6) based on collateral estoppel. However, the trial will be limited to the "willful" element. Accordingly,

IT IS ORDERED that the motion for summary judgment is **GRANTED IN PART and DENIED IN PART**.

IT IS FURTHER ORDERED that the trial is set for *January 30, 2004, at 9:30 a.m.* The trial will be limited to the "willful" element of 11 U.S.C. § 523(a)(6).

Consistent with the local rules of this court, the parties must certify to a good faith settlement effort before the trial begins.

---

**2.** The Deceptive Trade Practices Act does not require a similar element for a recovery.