**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-10023**

---

**IN THE MATTER OF:  JACK RICHARD HORTON,**

**Debtor.**

**JACK RICHARD HORTON,**

**Appellant,**

**VERSUS**

**GLEN ROBINSON,**

**Appellee.**

---

Appeal from the United States District Court
for the Northern District of Texas
(3:91 CV 1248 J)

---

May 3, 1996

Before POLITZ, Chief Judge, HILL[1] and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:[2]

Defendant Jack Richard Horton appeals a summary judgment entered in favor of his ex-business partner Glen Robinson in this action, which began as an adversary proceeding in bankruptcy.  The

---

[1]Circuit Judge of the Eleventh Circuit, sitting by designation.

[2]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

bankruptcy court found that a state court judgment Robinson had against Horton (including actual and punitive damages and attorneys' fees) was not dischargeable. We affirm the judgment finding the actual and punitive damages non-dischargeable. However, we reverse the judgment that found the attorneys' fees non-dischargeable.

## I. BACKGROUND

Horton and Robinson were school chums and the best of friends for over twenty years. In the late 1970's, both men settled in Dallas. In the early 1980's, Horton and Robinson decided to take the relationship one step further by starting a business together, which they dubbed Seville Financial, Inc. Robinson worked for Security Pacific, a large financial institution, and was experienced in the area of lease financing. Horton had no experience in lease financing, but was an attorney and had available revenue to invest in the business. Shere Griggs, one of Robinson's co-workers at Security Pacific, joined Seville Financial as a full partner and a contract was prepared providing that Horton, Robinson and Griggs would divide equally the corporate profits from Seville Financial.

Shortly thereafter, the three owners fell into disagreement about the distribution and division of profits. Robinson eventually filed suit against Horton and Griggs in Texas state court, alleging that Horton and Griggs were secretly diverting income from the business to themselves (and driving around in company-furnished Jaguars), thereby violating Robinson's rights in

the company.  Horton and Griggs claimed that Robinson had likewise diverted income to himself without dividing the profits and that, in any event, Robinson generated only a very small portion of Seville Financial's revenue (preferring instead to read the newspaper at his desk).

The jury believed Robinson and awarded $160,000 in actual damages, $175,000 in exemplary damages[3], and $50,000 in attorneys' fees.[4]  The jury charge submitted three causes of action to the jury: (1) breach of the profit-sharing contract; (2) breach of Horton's state-law fiduciary duty to Robinson; and (3) civil conspiracy between Horton and Griggs.  As to each theory, the jury answered that Horton and Griggs were liable and that Robinson had sustained damages proximately caused by Horton and Grigg's conduct.

On breach of contract, the jury answered that both Griggs and Horton had breached the profit sharing agreement, proximately causing Robinson damages.  On breach of fiduciary duty, the jury answered: (1) that a fiduciary relationship existed between Horton and Robinson based on personal and business transactions during the relevant time period; (2) that Horton violated his fiduciary duties to Robinson, which (3) proximately caused Robinson damages; and (4) that "such violation [was] done willfully and maliciously or in

_____

[3]This amount included the sum of $125,000 awarded against Horton and $50,000 awarded against Griggs.  Horton does not dispute that both amounts may be attributed to him for purposes of this appeal.

[4]This amount included $30,000 for preparation and filing of the lawsuit, $10,000 for trial, $7,500 for appeal to the Texas Court of Appeals.  The jury also awarded $2,500 for appeal to the Texas Supreme Court, but Horton never pressed that appeal.

conscious indifference to Robinson's rights, if any, in Seville Financial."  On civil conspiracy, the jury answered: (1) that Griggs entered into a civil conspiracy with Horton to violate Horton's fiduciary duties to Robinson; (2) that Griggs acted with malice in the conspiracy; and (3) that the conspiracy proximately caused damage to Robinson.  The interrogatory for designating the amount of damages, however, was not specific to any of the three theories and inquired only "[w]hat sum of money, if any, if paid now would fairly and reasonably compensate Glen Robinson for damages, if any?"  The state trial court reduced the damages awarded and entered judgment.  The Texas Court of Appeals affirmed the decision in favor of Robinson and adjusted the damages upward to conform to the jury verdict.  **Horton v. Robinson**, 776 S.W.2d 260 (Tex. App.--El Paso 1989, no writ).  No writ was filed with the Texas Supreme Court.

Robinson collected about $42,000 on the state court judgment before Horton filed for bankruptcy.  Robinson then filed the instant adversary proceeding in Horton's bankruptcy, seeking a judgment excepting the amount of the outstanding state court judgment ($417,002 with interest) from discharge pursuant to 11 U.S.C. § 523(a).  Robinson filed the state court record, including the record on appeal, in Horton's bankruptcy and then moved for summary judgment, arguing that the issues controlling dischargeability under § 523(a) were actually litigated in the state court proceeding.  Robinson claimed that the state court judgment against Horton was excepted from discharge under §

4

523(a)(2)(A),[5] § 523(a)(4)[6] or § 523(a)(6).[7]

The bankruptcy court issued an oral ruling granting Robinson's summary judgment motion. In the bankruptcy court's view, the state court judgment that Horton acted "willfully and maliciously or with conscious indifference" to Robinson's rights in Seville Financial collaterally estopped Horton from contesting the factual basis for excepting the judgment debt under § 523(a)(6).[8] Looking behind the judgment and the jury's findings, the bankruptcy court stated that Horton "knowingly and intentionally" deprived Robinson of his share of Seville Financial profits "without just cause or excuse." Subsequently, the bankruptcy court denied Horton's motion for reconsideration of the summary judgment ruling and entered a judgment providing that the state court judgment would be excepted from discharge in Horton's bankruptcy. Horton appealed to the district court. See 28 U.S.C. § 158(a). The district court

---

[5]Excepting from discharge any debt "for money, property, services, or an extension , renewal, refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

[6]Excepting from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

[7]Excepting from discharge any debt "for willful or malicious injury by the debtor to another entity or to the property of another entity."

[8]The bankruptcy court rejected Robinson's § 523(a)(2)(A) claim, finding that the record did "not support a finding that Horton entered the agreement with the intent to deceive Horton." The bankruptcy court also rejected Robinson's § 523(a)(4) claim, holding that notwithstanding the jury's finding that Horton and Robinson had a fiduciary relationship under state law, there was no fiduciary relationship under the more stringent federal standards governing § 523(a)(6).

5

affirmed, and Horton appealed to this court. Jurisdiction is proper pursuant to 28 U.S.C. § 158(c).

## II. STANDARD OF REVIEW

In its summary judgment order, the bankruptcy court ruled that Horton's judgment-debt was non-dischargeable, pursuant to § 523(a)(6). The bankruptcy court applied the doctrine of collateral estoppel, or issue preclusion, to estop Horton from relitigating whether the judgment-debt was the result of Horton's own willful and malicious conduct, which caused injury to Robinson.[9] The district court affirmed that ruling. The Court's review is de novo. **In re Garner**, 56 F.3d 677, 679 (5th Cir. 1995). The decision will be affirmed if there are no genuine issues of fact as to the required elements of collateral estoppel, and Robinson is entitled to judgment as a matter of law.

## III. DISCUSSION

Horton argues that the bankruptcy court's application of collateral estoppel was inappropriate for three reasons. First, Horton argues that the issue presented in the state court action was not identical to the issue presented in the adversary proceeding because § 523(a)(6) provides that willful and malicious conduct is excepted from discharge, while the state court jury instructions allowed a finding of liability based upon the lesser

---

[9]Robinson argues briefly that the bankruptcy court made an independent finding that Horton's conduct was willful and malicious, which does not require reliance on the doctrine of collateral estoppel. Robinson's own motion for summary judgment and the relevant orders belie his contention. In addition, such a fact finding would have been inappropriate on summary judgment in the face of conflicting evidence.

legal standard of conscious indifference.  Next, Horton argues that, notwithstanding the jury's express finding and the Texas Court of Appeals discussion in its decision affirming the trial court judgment, the liability imposed on him in state court was actually based on breach of contract, rather than breach of a fiduciary duty owed to Robinson.  Therefore, the jury's finding that he had breached his fiduciary duty and maliciously conspired with Griggs to do so, which is asserted in this action as collateral estoppel, was not an essential part of the state court's judgment.  Finally, Horton argues that the state trial court's submission of only one general damage issue makes it impossible to determine what percentage of the total damages were attributable to each theory upon which liability was found.[10]

Horton also argues that even if the judgment-debt was non-dischargeable to the extent of actual damages, the state court's award of punitive damages and attorneys' fees should not have been excepted from discharge.

A. **Collateral Estoppel**

Collateral estoppel may be invoked in § 523(a) discharge exception proceedings, although the bankruptcy court retains exclusive jurisdiction to determine the ultimate question of dischargeability under bankruptcy law, based upon the evidence

---

[10]Horton also argues that the court erred in applying § 523(a)(6), and instead should have used § 523(a)(4), which excepts from discharge debts for "fraud or defalcation while acting in a fiduciary capacity."  Horton's argument is without merit.  As we held in **In re Stokes**, 995 F.2d 76, 77 (5th Cir. 1993), the same conduct can give rise to causes of action under multiple sections.

before the bankruptcy court. **Grogan v. Garner**, 111 S. Ct. 654, 658 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)"); **Garner**, 56 F.3d at 681; **In re Foreman**, 906 F.2d 123, 126 (5th Cir. 1990). Pursuant to the full faith and credit statute, 28 U.S.C. § 1738, we give Robinson's prior state court judgment the same preclusive effect that it would have in a Texas state court. **Garner**, 56 F.3d at 679. Texas' version of collateral estoppel bars relitigation of (1) identical issues of fact or law; (2) that were actually litigated; and (3) essential to the judgment in the prior suit. **Van Dyke v. Boswell O'Toole, Davis & Pickering**, 697 S.W.2d 381 (Tex. 1985); see also **Garner**, 56 F.3d at 679-80 (quoting **Bonniwell v. Beech Aircraft Corp.**, 663 S.W.2d 816, 818 (Tex. 1984)).

### 1. Identical Issues

Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "Willful and malicious," under § 523(a), has been interpreted to mean "intentionally, and without just cause." **Garner**, 56 F.3d at 681.

The state jury charge first asked whether Horton violated his fiduciary duties to Glen Robinson and whether that violation proximately caused damages to Glen Robinson. Next, in Question 9, the jury was asked: "Was such violation done willfully and maliciously or in conscious indifference to Robinson's rights, if

8

any, in Seville Financial, Inc.?"  Immediately preceding Question 9, the jury was instructed that "[m]alice means the intentional doing of a wrongful act without just cause or excuse or acting with such entire want of care as would raise the belief that the act or omission complained of was the result of conscious indifference to the rights or welfare of the person to be affected by it."

Horton argues that because the jury charge allowed a finding of liability on a showing of conscious indifference, the state court judgment can not be asserted as collateral estoppel on the issue of whether he acted "willfully and maliciously" for the purposes of § 523(a)(6).  Horton maintains that, under Texas law, conscious indifference is functionally equivalent to a finding of reckless disregard or gross negligence, citing **Williams v. Steeves Indust., Inc.**, 678 S.W.2d 205, 211 (Tex. App.--Austin 1984), aff'd, 699 S.W.2d 570 (Tex. 1985). Congress expressly rejected the reckless disregard standard for excepting debt from discharge under § 523(a)(6).  H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 365 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. 79 (1978), 1978 U.S.C.C.A.N. 5787, 6320.

However, the Texas Court of Appeals held that "[a]ll of the evidence shows that Horton acted willfully and maliciously and in total disregard for Robinson's rights." **Horton v. Robinson**, 776 S.W.2d 260, 265-66 (Tex. App.--El Paso 1989, no writ).  In discussing Horton's conduct, the appellate court also stated that "legal malice exists when wrongful conduct is intentional and without just cause or excuse," and that, "a person who

9

intentionally misrepresents facts for the purpose of injuring another is guilty of wanton and malicious conduct". **Id**. The Court concluded that the evidence was essentially uncontradicted that Horton intentionally cut Robinson out for the purpose of obtaining an additional benefit for himself. **Id**. at 264 ("the record is devoid of any proof that the three were paid equally) and **id**. at 267 ("the one with a fiduciary duty intended to gain an additional benefit for himself").

There was never any question whether Horton's and Grigg's conduct was intentional. There are no allegations that they merely forgot to pay Robinson or were unaware of his claims. Therefore, Horton's argument on this point is unavailing.

### 2.   *State Court Finding Essential to Judgment*

Horton maintains that the state court's finding that Horton willfully and maliciously breached his fiduciary duties to Robinson was not essential to the state court judgment because the jury's separate finding of liability on breach of contract could have independently supported the judgment.[11]   Citing the Restatement (Second) of Judgments § 27, Comment i (1981), Horton argues that decisions based on multiple findings that are independently sufficient to support the judgment should not be used to preclude relitigation in a subsequent case which involves only one of the

_____

[11] Actually, Horton frames the issue as whether the finding was a "critical and necessary" part of the state court's judgment. "Critical and necessary" has been used primarily when applying the federal court formulation of the doctrine of collateral estoppel. As discussed above, the preclusive effect of the prior judgment is measured by Texas law.   The Texas formulation usually employs the term "essential," rather than "critical or necessary."

10

independently sufficient grounds.

Horton's reliance on comment i is misplaced, however, because it concerns only judgments that are not appealed. Comment o makes clear that:

> If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations. In contrast to the case discussed in Comment I, the losing party has here obtained an appellate decision on the issue, and thus the balance weighs in favor of preclusion.

RESTATEMENT (SECOND) OF JUDGMENTS § 27, Comment o (1981).[12] Horton's liability for breach of fiduciary duty was discussed at length in the Texas Court of Appeals decision. Therefore, collateral estoppel applies.

### 3. Single Damage Issue

Horton argues that the state court's submission of a single damage issue makes it impossible to allocate damages between the different theories of liability submitted to the jury. Horton's liability for each theory was premised upon exactly the same conduct, as well as the same injury. Therefore, the full amount of damages could be attributed to both theories and no allocation is possible or required. Thus, collateral estoppel applies.

### B. Punitive Damages and Attorneys' Fees

Horton contends that the district court erred in finding the

---

[12]Texas follows § 27 of the Restatement (Second) of Judgments. **Eagle Properties, Ltd. v. Scharbauer**, 807 S.W.2d 714, 722 (Tex. 1990).

11

punitive damages non-dischargeable.  He argues that punitives are dischargeable.  We disagree.  Punitive damages based on willful and malicious injury are non-dischargeable under § 523(a)(6).  **In re Stokes**, 150 B.R. 388, 391 (W.D. Tex. 1992), aff'd. 995 F.2d 76, 77 (5th Cir. 1993) ("We affirm, essentially for the reason stated, and the analysis made, by the district court.").

Attorneys' fees are non-dischargeable under § 523 when they "stem from the same basis" as the non-dischargeable debt.  The attorneys' fees do not stem from the same basis as the debt in this case because the exception to dischargeability is sought on the basis of Horton's liability on the breach of fiduciary duty claim, while the Texas Court of Appeals affirmed the award of attorneys' fees on the basis of TEX. CIV. PRAC. & REM. CODE 38.001, which allows attorneys' fees on a claim for breach of contract.  Under Texas law, attorneys' fees are not recoverable in tort or contract, unless provided for by contract or statute.  **Melson v. Stemma Exploration & Prod. Co.**, 801 S.W.2d 601, 603 (Tex. App.--Dallas 1990, no writ).  Because the state court could not have awarded attorneys' fees on the basis of the breach of fiduciary duty claim, the damages are dischargeable.

## IV. CONCLUSION

For the foregoing reasons, the judgment is affirmed in part and reversed in part.  The judgment finding non-dischargeable the actual and punitive damages is AFFIRMED.  The judgment finding the attorneys' fees non-dischargeable is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.